# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA
    Plaintiff

v.                                                         CASE NO. 16-788(PAD)

SAMUEL EMILIO REYES
    Defendant.
_____/

## DEFENDANT'S SENTENCING MEMORANDUM

Defendant SAMUEL EMILIO REYES has lived most of his life in the Dominican Republic. He is the father of three, and two of them live with him and his consensual partner. They all depend on him emotionally and economically, and desperate because he could not raise enough money for them, he committed the offense he pleaded guilty to.

Mr. Reyes understands that risking his life by traveling in a small wooden boat to Puerto Rico with others, even if he had succeeded in his attempt to reach the United States, is not worth the hardships he's been subject to before and after his detention. He placed his life at risk by traveling through the Mona Passage from the Dominican Republic to Puerto Rico; a shark infested treacherous water channel that has taken the lives of many. He is not up to doing the same voyage again, and having learned his lesson, he respectfully requests this Honorable Court to impose a sentence for the time he has served since his detention, that is about 5 months and 7 days, 23 days short of the highest end of Mr. Reyes US Sentencing Guidelines applicable guideline range. The defendant understands that this period of time is sufficient but not greater than

necessary to comply with the 3553(a) factors and with the provisions of the US Sentencing Guidelines, which recommend the Court that the sentence to be imposed be of 0 to 6 months of imprisonment. In addition, the defendant is aware that after serving his sentence, that he will be detained by immigration authorities who will process him in accordance with immigration laws.

Given the circumstances, the impact of a sentence in excess of that requested by the defendant, that is for the time he has been in custody since his arrest, would overstate the seriousness of his offense, which was not one of violence, drug trafficking or the use of weapons.

The children of Mr. Reyes and his family are suffering because he cannot be there to provide for them and they need the money that he gave them. The defendant is not a drug smuggler or user, and is not prone to violence. He is a family man that to earn money in the Dominican Republic, worked in construction with his father and uncle; but because he could not raise enough money for his family, he decided to come to the United States to work and send them back the money he earned.

*18 U.S.C. 3553(a)*

The mandate of 18 U.S.C. § 3553(a) is, of course, for the court to "impose a sentence sufficient, but not greater than necessary, to comply" with the purposes of sentencing set forth in paragraph 2 of that same statute. In <u>United States v. Hunt</u>, 459 F.3d 1180, 1182 (11th Cir. 2006), the court summarized the factors that a sentencing court must consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established [ . . .by the Sentencing Commission];
> (5) any pertinent [Sentencing Commission] policy statement . . .;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

In Mr. Reyes's case, it is the "circumstances of the offense" that justify that he is sentenced for the time he has been under custody since his arrest. Such a sentence is sufficient but not greater than necessary to comply with the objective of section 3553, mostly when Mr. Reyes did not have the opportunity to benefit from the fast-track USDOJ policy that is no longer in place in Puerto Rico.

*USSG § 2L1.2 and the Circumstances of the Offense*

In cases such as Mr. Reyes', the offense level can be significantly affected by the individual's criminal history, which is 0. Section 2L1.2 provides for an increasing offense level based upon a purported serious preceding offense, which in the present case does not exist, as Mr. Reyes has had no conviction for "(i)a drug trafficking offense for which the sentence imposed exceeded 13 months; (ii) a crime of violence; (iii) a

firearms offense; (iv) a child pornography offense; (v) a national security or terrorism offense; (vi) a human trafficking offense; or (vii) an alien smuggling offense."

And because Mr. Reyes has a criminal history score of 0, which places him in a criminal history category of I, and the total offense level he falls in the US Sentencing Guidelines Sentencing Table is 6 with a sentencing guideline range applicable from 0 to 6 months of incarceration, Mr. Reyes respectfully requests that a sentence for the time he has served since authorities arrested him about 5 months and 7 days ago be imposed.  He requests from the Court to take the before into consideration, his personal characteristics and circumstances, that he entered into a guilty plea promptly, and that he has been under custody since he was arrested; that the Court accepts his request for a sentence of time served.

Mr. Reyes recognizes that he will be deported after he completes his sentence, and he is resigned to live outside the United States. He concedes, that the Court can impose a higher prison term; however, considering that the time he has been under custody since his arrest is days short of the highest end of the applicable guideline range, a sentence for the time served since arrested will reflect the goals of sentencing set forth in § 3553(a)(2).

In San Juan, Puerto Rico, this 2nd day of May, 2017

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to all interested parties/attorneys or record.

              s:/Antonio L. Bisbal Bultrón

              ANTONIO L. BISBAL BULTRON, ESQ.
              USDC-PR 214913

              P.O. Box 9023851
              Old San Juan Station
              San Juan, PR 00902-3851

              Tel. (787) 531-4416
              Fax. (787)282-6049
              E-mail: bmlegalpr@gmail.com